IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

CHADWICK WILSON                                                          PLAINTIFF

V.                                                        CIVIL ACTION NO. 3:10CV070-B-A

DESOTO COUNTY, MISSISSIPPI, ET AL.                                        DEFENDANTS

## <u>MEMORANDUM OPINION</u>

Presently before the court are the defendants' motion for partial summary judgment and motion to bifurcate and the plaintiff's motion for sanctions. Upon due consideration of the motions, responses, exhibits, and supporting and opposing authority, the court is ready to rule.

This Section 1983 case arises from the June 23, 2009, arrest of plaintiff Chadwick Wilson in DeSoto County, Mississippi, for the misdemeanor charge of public intoxication. Wilson's girlfriend was also arrested at the same time for driving under the influence of alcohol. Wilson alleges injuries resulting from the defendants' unnecessary and excessive use of force while he and his girlfriend were being held as pre-trial detainees at the DeSoto County jail in Hernando, Mississippi.

According to Wilson, he and his girlfriend were brought into an intake room at the jail and told to face the wall and place their hands above their heads to be searched. Wilson asserts that while he was being searched, he observed several officers gather around his girlfriend and make comments to her about her appearance and inquire as to why she was "with Wilson." Wilson's girlfriend, who was wearing a skirt, was told to face the wall and spread her legs so that she could be patted down. Wilson asserts there were no female officers present during this incident. Wilson's girlfriend complied while the officers allegedly berated her and yelled obscenities at her. Wilson contends that one of the officers came behind her, kicked her legs

even further apart, and told her, while making a sexual gesture, to "spread them wider." Another officer, who was sitting in a chair beside her, allegedly leaned over in an effort to look up her skirt while she was standing with her legs spread and hands on the wall.

Wilson states that he, while standing a few feet away from his girlfriend with his hands on the wall, turned his head and told her that she was entitled to have a female officer search her. He asserts that immediately after he made this statement, defendant Chad Billingsley shoved Wilson's head into the wall, forced his hands behind his back, and handcuffed him. Wilson alleges that he complained that Billingsley was hurting him and that the officers present cursed Wilson in response.

Billingsley testified that Wilson cursed and screamed at him and the other officers but did not pose a physical threat, nor did he physically resist or disobey orders, while in the intake room. Defendant Lieutenant Kerry Giles testified that he witnessed no disruptive behavior, violation of orders, threatening conduct, verbal abuse, or resistance on the part of Wilson while Giles was present. Wilson was, nevertheless, moved to a 4x4 padded cell known as "Med Cell #3" so that he could "cool down."

Billingsley asserts that during Wilson's transfer from the intake room, through the booking area, and to the hall leading to Med Cell #3, Wilson, who was handcuffed behind his back, began to "pull away," and that Billingsley had to take him down. According to Billingsley, Wilson tripped over his own feet at this point and, as a result, fell to the floor. Billingsley asserts that this fall caused Wilson to hit his face and right eye on the floor. Wilson was transported to Baptist DeSoto Hospital where he was treated for a right orbital fracture, chest and abdomen tenderness, and vomiting of blood. Wilson was hospitalized for three days.

2

Wilson denies that he attempted to pull away from Billingsley or resist transport and that Billingsley tackled him and assaulted him with the assistance of defendants Eric Coleman and Giles.

It is uncontested that there was video surveillance throughout the booking area of the jail and that the incident, or at least some coverage of Wilson at the jail, should have been captured on video. Despite the plaintiff's repeated discovery requests and an order from this court directing the defendants to produce the video or risk sanctions in the form of a spoliation instruction at trial, the defendants have never produced the video. The defendants assert that the video was reviewed by Commander Jerry Owensby and that he, finding nothing of significance on the video, made the decision not to preserve it. Owensby admits that Wilson was seen on video in certain areas of the jail with the notable exception of the actual location where the tripping incident and altercation occurred. The incident occurred in a small "blind spot" between two surveillance cameras in the booking area. DeSoto County's director of internal affairs, Lent Rice, stated that the video was not preserved because Wilson did not request the video within five days of the incident. Owensby testified that as early as 2008 he became aware of certain blind spots in the jail's video coverage and reported them to Rice and the maintenance crew. Owensby asserts that he also advised his jailers to be aware of the video cameras and the areas of coverage.

Wilson filed this action pursuant to 42 U.S.C. § 1983, asserting Fourth and Fourteenth Amendment claims against DeSoto County, Deputies Billingsley and Coleman, Lieutenant Giles, and Sheriff Bill Rasco for failure to protect and infliction of unnecessary and excessive force. The sheriff and officers are sued in their official and individual capacities. The plaintiff brings

3

state law claims of assault and battery against defendants Billingsley, Giles, and Coleman, in their individual capacities, and alleges that Sheriff Rasco is vicariously liable in his individual and official capacities under Miss. Code Ann. § 19-25-19 for the acts of his deputies.

## Motion for Partial Summary Judgment

The defendants have moved for partial summary judgment on the individual capacity claims against Sheriff Rasco, as he had no direct involvement in the incident giving rise to this case. The defendants also seek summary judgment as to the claims arising under state law, as they are allegedly barred by the Mississippi Tort Claims Act, Miss. Code. Ann. § 11-46-1, et seq., as amended. The plaintiff expressly concedes the individual capacity claims against the sheriff as well as his state law claims, and said claims shall be dismissed. Finally, the defendants assert that DeSoto County is entitled to summary judgment on the federal claims due to an alleged lack of participation, policy, or custom sufficient to sustain municipal liability. The court finds that the defendants' motion is not well taken and shall be denied.

A party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). On a motion for summary judgment, the movant has the initial burden of showing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If the movant makes such a showing, the burden then shifts to the non-movant to "go beyond the pleadings and by . . . affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324 (quoting Fed. R. Civ. P. 56(c), (e)). Before finding that no genuine

4

issue for trial exists, the court must first be satisfied that no rational trier of fact could find for the non-movant. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

The court finds that genuine issues of material fact remain in this case, including, but not limited to, whether the plaintiff's injuries were sustained as the result of an accident or an unnecessary and excessive use of force, whether the plaintiff resisted the lawful commands of the officers or otherwise exhibited aggressive behavior, whether a policy, custom, or practice attributable to the defendant municipality – including the sheriff department's handling of its surveillance system and its knowledge and failure to correct "blind spots" in the system's coverage of the jail – led to the plaintiff's injuries, whether the defendant officers received adequate training and supervision, and whether the defendants acted with deliberate indifference to the constitutional rights of the plaintiff. The court, therefore, finds that summary judgment is inappropriate, and the defendants' motion shall be denied.

## Motion to Bifurcate

The court is unpersuaded by the defendants' arguments urging the court to bifurcate the individual and official capacity claims in this case. The court finds that the interests of justice and judicial economy are best served by trying all claims in this case at one time with one jury. For these reasons, the defendants' motion to bifurcate shall be denied.

## Motion for Sanctions

The court finds the circumstances surrounding the video surveillance and recording of the plaintiff's booking and subsequent altercation to be highly suspicious. The court finds it strangely coincidental that the plaintiff's alleged "accident" occurred in an admittedly narrow but well-known "blind spot" in the surveillance system. The magistrate judge assigned to this

case expressly warned the defendants that they may suffer a spoliation instruction at the trial of this cause for failure to produce the video, and yet the video has never been produced. The court, nevertheless, withholds ruling on this matter at this time and carries the plaintiff's motion forward to trial.

Conclusion

For the foregoing reasons, the court finds that the defendants' motion for partial summary judgment should be granted with respect to the individual capacity claims against defendant Sheriff Rasco and with respect to the plaintiff's state law claims. The motion will be denied in all other respects. The defendants' motion to bifurcate will be denied, and the plaintiff's motion for sanctions will be held in abeyance at this time. A separate order in accord with this opinion shall issue this day.

This, the 3rd day of November, 2011.

*/s/ Neal Biggers*
**NEAL B. BIGGERS, JR.**
**UNITED STATES DISTRICT JUDGE**